The Honorable Jim Stallcup, Prosecuting Attorney 3rd Judicial District P.O. Box 627 Walnut Ridge, Arkansas 72476
Dear Mr. Stallcup:
This official Attorney General opinion is rendered in response to a question that you have raised concerning the Freedom of Information Act (A.C.A. § 25-19-101 through -107.)
More specifically, you have presented the following question:
 Is an autopsy report exempt from disclosure under the Freedom of Information Act?
I must note initially that autopsy reports that are in the possession of the State Crime Laboratory and have not been released are exempt from disclosure under the provisions of A.C.A. § 12-12-312, which states, in pertinent part, as follows:
 12-12-312. Records confidential and privileged — Exception — Release.
 (a)(1) The records, files, and information kept, obtained, or retained by the State crime Laboratory under the provisions of this subchapter shall be privileged and confidential. They shall be released only under and by the direction of a court of competent jurisdiction or the prosecuting attorney having criminal jurisdiction over the case.
A.C.A. § 12-12-312. This office has previously opined that the above-quoted language includes autopsy reports. See Op. Att'y Gen. No. 87-353.
Autopsy reports that have been released by the State Crime Laboratory (or that were never in the possession of the State Crime Laboratory) are subject to the provisions of the Freedom of Information Act. See Op. Att'y Gen. No. 87-353. It is my opinion that such autopsy reports are not per se exempt from disclosure under the Freedom of Information Act, but that they can be exempt from disclosure if the facts and circumstances indicate that they fall within one of the Act's expressly stated exemptions.
You have indicated that the particular autopsy report about which you are concerned has not been previously disclosed and is part of an ongoing law enforcement investigation. You do not indicate whether the report was ever in the possession of the State Crime Laboratory.
If the facts and circumstances of the case indicate that the report has been released by the State Crime Laboratory (or was never in the possession of the State Crime Laboratory); and that it, indeed, has not been disclosed; and that it is part of such an ongoing law enforcement investigation, the report would be exempt from disclosure under § 105 of the Freedom of Information Act, which states:
25-19-105. Examination and copying of public records.
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (6) Undisclosed investigations by law enforcement agencies of suspected criminal activity. . . .
25-19-105(B)(6).
A determination of whether the autopsy report about which you are concerned falls within the above-quoted exemption is a question of fact which the Attorney General is not authorized to make. For this reason, I cannot state conclusively that this report is exempt from disclosure. Assuming that the report has been released by the State Crime Laboratory (or was never in the possession of the State Crime Laboratory), this determination must be made by the custodian of the report, and will depend upon whether the report has not, in fact, been disclosed, and is, in fact, a part of an ongoing law enforcement investigation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh